IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY GOLDEN**<br>104 West Locust Street<br>Occoquan, Virginia 22125<br><br>    **Plaintiff,**<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA**<br>810 Vermont Avenue N.W.<br>Washington, D.C. 20420<br><br>    **Serve:**<br>    **United States Attorney General**<br>    **Merrick Garland**<br>    **Department of Justice**<br>    **950 Pennsylvania Ave. N.W.**<br>    **Washington, D.C. 20530**<br><br>    **Defendants.** | Civil No. 1:21-CV-1325<br><br><br><br><br><br><br><br><br><br><br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL
TORT CLAIMS ACT AND VIOLATION OF CIVIL RIGHTS**

COMES NOW, Plaintiff, Tim Golden ("Plaintiff"), by and through his undersigned counsel, and respectfully files this Complaint against the United States of America (the "U.S." or "Defendant"), pursuant to the Federal Torts Claim Act (as applicable to the U.S. only) for assault/battery and false imprisonment/false arrest, as set forth herein, and in violation of his civil rights causing him to suffer physical injuries and to worsen his previously existing motion and psychological condition, and in support thereof state as follows:

**JURISDICTION AND VENUE**

1. Claims herein are brought against the U.S. pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and Section 1346(b)(1) for monetary damages as compensation that was caused by the wrongful acts of employees of the U.S. while acting within the scope of their offices

and employment, under circumstances where the U.S., if a private person, would be liable to Plaintiff under the laws of the District of Columbia. Plaintiff further asserts violations of his rights under the Fourth Amendment to the United States Constitution.

2. Pursuant to 28 U.S.C. § 1343, district courts have original jurisdiction for actions commenced by any person to recover damages for injury to his person or property.

3. Venue is appropriate in this Court because the acts complained of herein occurred in the District of Columbia.

## PARTIES

4. Plaintiff Tim Golden is, and at all relevant times herein has been, a citizen and resident of the Commonwealth of Virginia.

5. Officer Powell ("Officer Powell"), a purported current or former employee of the Department of Veteran Affairs, Police Division, and who committed the actions complained of herein on the premises of Washington DC VA Medical Center, located at 50 Irving St. NW, Washington, DC 20422 on the date identified herein.

6. Officer Banks, Officer No. 3491 ("Officer Banks"), a purported current or former employee of the Department of Veteran Affairs, Police Division, and who committed the actions complained of herein on the premises of Washington DC VA Medical Center, located at 50 Irving St. NW, Washington, DC 20422 on the date identified herein.

7. The U.S. controls and operates the U.S. Department of Veteran Affairs. Additionally, Plaintiff asserts the theory of agency and/or *respondeat superior* in that agents and/or employees of the U.S. Department of Veteran Affairs, including but not limited to, Officer Powell and Officer Banks were at all times relevant hereto an employee of the U.S. Department of Veterans Affairs.

## STANDING

8. Plaintiff has timely complied with the provisions of 28 U.S.C. Section 2675 of the Federal Torts Claims Act.

9. Plaintiff timely filed Claim Form SF-95 on May 14, 2019, and receipt was confirmed by the U.S. Department of Veteran Affairs, Office of the Regional Counsel that same day.

10. On January 19, 2020, the Office of General Counsel for the U.S. Department of Veterans Affairs mailed notice to Plaintiff denying all claims set forth in Plaintiff's Claim Form SF-95 without further commentary and identified that Plaintiff may seek judicial relief in a Federal district court within six (6) months thereof pursuant to 28 U.S.C. Section 2401(b).

## STATEMENT OF FACTS

11. At approximately 10:00 a.m. EST on May 14, 2018, Plaintiff visited the Outpatient Lab of the Washington DC VA Medical Center, located at 50 Irving St. NW, Washington, DC 20422 (the "VA") for blood tests.

12. Plaintiff was denied care by the VA due to a perceived fasting issue.

13. Plaintiff subsequently left the VA and went to an eyecare clinic from approximately 11:00 a.m. to 3:45 p.m. EST for removal of a lesion or blister from his right lower eyelid and follow up on his Rx lens.

14. After his surgical eye procedure inclusive of eye dilation, Plaintiff left the eye clinic and returned to the VA at approximately 3:50 p.m. EST.

15. Plaintiff completed the initial paperwork and approached the receptionist desk.

16. During his conversation with the receptionist regarding prior labs, he was interrupted by lab supervisor Stephanie Reed ("Ms. Reed") who stated that Plaintiff had not fasted.

17. Plaintiff responded that he had fasted for fourteen (14) hours.

18. Ms. Reed responded that such fasting did not occur overnight.

19. Plaintiff responded that such fasting did occur overnight.

20. Ms. Reed excused herself, stating that she would check with a physician.

21. Plaintiff remained standing at the receptionist desk.

22. Approximately five (5) minutes later, Ms. Reed returned with Officer Powell.

23. Officer Powell immediately began a provocative public tirade and verbally assaulted Plaintiff, stating that Plaintiff would not be permitted to receive care.

24. Plaintiff responded with inquiry into the whereabouts of the physician.

25. Officer Powell became extremely aggressive and irate.

26. Plaintiff responded again by saying he had fasted and that he wanted to speak with the physician.

27. At this point, Officer Powell stated that Plaintiff was now going to get it and charged Plaintiff, who remained still with arms at his side, punching Plaintiff in the upper-right chest area and shoulder.

28. Immediately following such forceful assault, a secondary officer, Officer Banks, rushed behind Plaintiff, forcibly pinning Plaintiff's wrists.

29. Officer Powell and Officer Banks then detained Plaintiff by placing handcuffs on Plaintiff.

30. Officer Powell and Officer Banks detained Plaintiff against Plaintiff's will.

31. Officer Powell and Officer Banks then threw Plaintiff against the masonry hallway, with one officer holding the back of Plaintiff's head, causing injury to Plaintiff's face, neck, shoulder joints, and back, and further exasperating Plaintiff's spinal disability.

32. Officer Powell and Officer Banks then lifted Plaintiff off the ground and pressed his face into the wall, thereby causing additional injury to Plaintiff's cheekbone.

33. Officer Powell and Officer Banks jointly carried Plaintiff off the premises with his arms pinned tightly behind his back and detained him.

34. Plaintiff viewed multiple surveillance cameras directed toward him to capture the events complained off herein.

35. During the encounter a police supervisor came to the scene and Plaintiff requested that the officers view the surveillance videos documenting the incident.

36. After the officers and police supervisor left to review the surveillance video they returned and began to remove constraints on Plaintiff and try to deescalate their prior threats and allegations that Plaintiff had attacked the police officers.

37. However, regardless they still pressed charges against Plaintiff, Officer Banks provided Plaintiff with two violations, 7614371 (disorderly conduct on federal property) and 7614372 (resisting arrest while in custody) (collectively, "Violations"), required Plaintiff to appear before the United States District Court for the District of Columbia on June 14, 2018 at 9:00 a.m. EST ("Hearing").

38. Officer Banks and Officer Powell then released Plaintiff.

39. At the hearing, neither Officer Banks nor Officer Powell attended the Hearing and the charges were dismissed.

40. Plaintiff was informed at the Hearing that Officer Banks was no longer employed by the VA.

## COUNT I
### FTCA CLAIM (VIOLATION OF 28 U.S.C. SECTION 2674 and 2680)
### ASSAULT/BATTERY

41. Plaintiff restates, repleads, and incorporates by reference each and every allegation set forth above.

42. Plaintiff was assaulted and battered when Officer Powell punched Plaintiff in the upper-right chest area and shoulder; Officer Banks rushed behind Plaintiff, forcibly pinning Plaintiff's wrists; Officer Powell and Officer Banks detained Plaintiff by placing handcuffs on Plaintiff; Officer Powell and Officer Banks threw Plaintiff against the masonry hallway, with one officer holding the back of Plaintiff's head, causing injury to Plaintiff's face, neck shoulder joints, and back, and further exasperating Plaintiff's spinal disability; Officer Powell and Officer Banks lifted Plaintiff off the ground and pressed his face into the wall, thereby causing additional injury to Plaintiff's cheekbone; and Officer Powell and Officer Banks jointly carried Plaintiff off the premises with his arms pinned tightly behind his back and detained him.

43. Several of the acts of Officer Powell and Officer Banks were captured on the VA's video security cameras, to which Plaintiff previously has sent a notice of preservation of records to ensure that no evidence in this matter is spoliated.

44. Plaintiff never physically resisted arrest or attempted to evade arrest by flight.

45. The acts and events set forth above constitute assault, battery, false arrest, and false imprisonment. Because these acts were undertaken and caused by employees and police officers of the U.S., the U.S. is liable for all damages caused.

46. As a direct and proximate result of the intentional and wrongful actions of the U.S. by virtue of its employees, Plaintiff has suffered physical harm, emotional distress and mental anguish.

## COUNT II
### FTCA CLAIM (VIOLATION OF 28 U.S.C. SECTION 2674 and 2680)
### FALSE ARREST/IMPRISONMENT

47. Plaintiff restates, repleads, and incorporates by reference each and every allegation set forth above.

48. On May 14, 2018, the U.S., by virtue of its employees, wrongfully and unlawfully deprived Plaintiff of his liberty against his will.

49. Plaintiff committed no act against the U.S. or any other party to subject him to arrest, imprisonment, restraint or detention.

50. Further, the U.S. lacked probable cause to arrest and detain Plaintiff.

51. As a direct and proximate result of the intentional and wrongful actions of the U.S. by virtue of its employees, Plaintiff has suffered physical harm, emotional distress, mental anguish, and incurred loss to his reputation and standing in the community.

### COUNT III
### FTCA CLAIM (VIOLATION OF 28 U.S.C. SECTION 2674 and 2680)
### NEGLIGENCE

52. Plaintiff restates, repleads, and incorporates by reference each and every allegation set forth above.

53. Officers Powell and Banks owed Plaintiff a duty to act with due care in the administration of their duties as law enforcement officers for the Department of Veteran Affairs, Police Division. *See Kowalevicz v. United States*, 302 F. Supp. 3d 68 (D.D.C. 2018).

54. Acting within the course and scope of their duties, Officers Powell and Banks breached these duties by committing the following negligent or grossly negligent acts, including but not limited to:

  a. Negligently failing to assess, investigate, or otherwise determine whether Plaintiff was permitted to access the VA facility before committing and assault and battery upon Plaintiff and arresting him without probable cause;

  b. Negligently failing to determine or establish probable cause to arrest and detain Plaintiff; and

  c. Negligently using undue force in restraining and arresting Plaintiff.

55. As a direct and proximate result of the negligent actions of the U.S. by virtue of its employees, Plaintiff has suffered physical harm, emotional distress and mental anguish.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment on Plaintiff's behalf against Defendants, as applicable to the claims alleged and as follows:

a) Award Plaintiff damages in an amount no less than $1,000,000.00 against the U.S.;

b) All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred in this action;

c) An award of punitive damages in an amount to be determined at trial for Defendant's reprehensible and outrageous conduct, as applicable; and

d) For such further and other relief as this Court deems just and proper.

Respectfully submitted,

Tim Golden

By Counsel


__/s/ Dirk McClanahan_____
Dirk McClanahan (DC Bar No. 1019009)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
E-mail: dmclanahan@mcplegal.com
        admin@mcplegal.com
*Counsel for Plaintiff*